UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANNAN L. H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 4:24-cv-00467-AKB-REP <br><br> **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

## INTRODUCTION

Plaintiff, Shannan L. H., seeks review under 42 U.S.C. § 405(g) of the Commissioner's denial of her application for disability insurance benefits. The ALJ issued an unfavorable decision on April 30, 2024; the Appeals Council denied Plaintiff's petition for review on August 13, 2024; and Plaintiff filed this action on October 8, 2024. After briefing (Dkts. 16, 18, 19), the Magistrate Judge issued a Report and Recommendation (R&R) recommending that the Commissioner's decision be affirmed (Dkt. 22). Plaintiff filed objections (Dkt. 23), and the Commissioner responded (Dkt. 24). The Court reviews de novo those portions of the R&R to which objections were made. 28 U.S.C. § 636(b)(1).

## FACTUAL BACKGROUND

The ALJ determined Plaintiff has not engaged in substantial gainful activity since January 1, 2021, and suffers from a severe impairment: namely, breast cancer status post bilateral mastectomy and chemotherapy (Dkt. 13 at 28). The ALJ found that impairment does not meet or equal a listed impairment (Dkt. 13 at 31). The ALJ assessed a Residual Functional Capacity (RFC)

**MEMORANDUM DECISION AND ORDER - 1**

for performing light work as defined in 20 C.F.R. 404.1567(b), except that Plaintiff can: (1) lift and carry up to twenty pounds occasionally and ten pounds frequently; (2) sit for a total of up to about six hours during an eight-hour day and stand or walk for a total of up to about six hours during an eight-hour day; (3) never climb ladders, ropes, or scaffolds, and can occasionally climb ramps and stairs; (4) occasionally balance, stoop, kneel, crouch, and crawl; and (5) perform work activities in a moderate noise level environment such as a business office, light traffic, or a grocery store (Dkt. 13 at 31).

The ALJ found Plaintiff was not disabled (Dkt. 31 at 39). Plaintiff appeals, arguing that: (i) the ALJ's RFC was insufficient because it was not "more detailed" than her Psychiatric Review Technique ("PRT"); and (ii) the ALJ's conclusion regarding Plaintiff's subjective symptoms was not sufficiently specific (Dkt. 13 at 1, 3).

## OBJECTIONS

Plaintiff makes two objections. First, she objects to the ALJ's conclusion that the ALJ complied with regulation and precedent and the Magistrate Judge's finding that the ALJ's RFC discussion demonstrated compliance with SSR 96-8p (Dkt. 23 at 1). Second, she objects that the points, which the ALJ offered in support of his evaluation of Plaintiff's subjective reports of symptoms, were sufficiently specific to find the ALJ's conclusion reasonably supported (*id.* at 3).

## LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which Plaintiff objects. 28 U.S.C. § 636(b)(1). The Commissioner's decision must be upheld if it is supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one rational

MEMORANDUM DECISION AND ORDER - 2

interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo*, 871 F.3d at 674. Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401; *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson*, 359 F.3d at 1196.

MEMORANDUM DECISION AND ORDER - 3

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## ANALYSIS

**1.      Psychiatric Review Technique (PRT) and Residual Functional Capacity (RFC)**

Plaintiff objects that the ALJ was required to make a "more detailed assessment" as part of the RFC than in the PRT and, therefore, could not satisfy the RFC by incorporating the PRT (Dkt. 23 at 1-2). Plaintiff concedes that the R&R includes alternative bases to uphold the ALJ decision, but argues those bases were also insufficiently specific (Dkt. 23 at 2-3). Specifically, Plaintiff argues the record relied upon was merely a summary of symptoms, medical notes on physical impairments, and failed to account for fatigue and poor concentration (*id*. at 2). Plaintiff also argues the ALJ could not reject her subjective symptoms unless the decision addressed Plaintiff's PRT findings.

Plaintiff does not argue that the evidence relied upon by the ALJ was not legally substantial or that it was based on incorrect legal standards. Instead, Plaintiff asks this Court to second-guess the ALJ's determination, but the law requires the Court to uphold the ALJ's decision when the ALJ's analysis applies the correct legal standards and is supported by substantial evidence, even if the ALJ could have reached another conclusion. The Court finds this dispositive and agrees with the analysis of the R&R (*see* Dkt. 22 at 14-16).

Upon de novo review, Plaintiff's first objection is overruled.

**MEMORANDUM DECISION AND ORDER - 4**

**2.    Specificity Required to Assess Subjective Complaints**

Plaintiff next argues the ALJ's findings regarding Plaintiff's subjective complaints were not sufficiently specific to support a non-credibility determination (Dkt. 23 at 3). The R&R notes inconsistencies regarding cancer diagnoses and chemotherapy, inconsistent clinical statements, and inconsistent statements regarding daily activities supposedly conflicting with reported symptoms (Dkt. 23 at 4-5). It also notes the ALJ's reliance on conflicting reports of memory performance (*id.*). Plaintiff consistently presented normally in clinical settings; inconsistently explained her onset of symptoms; participated regularly in cleaning, gardening, and exercise; and was found to have "normal cognitive and memory ability but with impaired persistence" (Dkt. 13 at 33-38). The ALJ assessed whether the objective medical record supported Plaintiff's symptoms and identified clear and convincing reasons to reject Plaintiff's subjective reports (*id.*).

Upon de novo review, Plaintiff's second objection is overruled.

**ORDER**

Having conducted de novo review, the Court concludes the ALJ's decision is supported by substantial evidence and is free of legal error. Magistrate Judge Patricco's Report and Recommendation is well reasoned and adopted in full.

**IT IS HEREBY ORDERED**:

1. Plaintiff's Objections (Dkt. 23) are **OVERRULED**.

2. The Report and Recommendation (Dkt. 22) is **ADOPTED IN FULL**.

3. The Commissioner's decision is **AFFIRMED**.

MEMORANDUM DECISION AND ORDER - 5

4. Plaintiff's Complaint for Review (Dkt. 1) is **DISMISSED** with prejudice.

Judgment shall be entered accordingly.

DATED: July 23, 2026

Amanda K. Brailsford
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 6